823 So.2d 595 (2002)
PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Appellant,
v.
Dorothy Jean WAID, Appellee.
No. 2001-SA-00399-COA.
Court of Appeals of Mississippi.
August 6, 2002.
*596 Mary Margaret Bowers, Jackson, attorney for appellant.
George S. Luter, Jackson, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. The Public Employees' Retirement System (PERS) appeals from an order entered by the Circuit Court of the First Judicial District of Hinds County, Mississippi wherein the court reversed the order of PERS's Board of Trustees which denied Dorothy Jean Waid disability benefits. PERS raises two issues on appeal, which are: (1) the circuit court erred in re-weighing the facts and substituting its judgment for that of the administrative agency, and (2) the circuit court erred in determining that Waid presented substantial evidence of disability and that the decision of the Board was arbitrary and capricious.

FACTS
¶ 2. Waid is fifty-nine years old with six and a half years of PERS service. She began covered employment in 1993. She was an associate manager for senior grant programs for the Mississippi Department of Economic and Community Development. Waid left her position due to chronic severe fibromyalgia with attendant pain and loss of ability to concentrate. There-after, Waid applied for disability benefits alleging that she became disabled on October 1, 1998.[1] The PERS medical board denied her claim. Thereafter, Waid requested a hearing before the disability appeals committee which also denied her claim.
¶ 3. Three persons testified at the hearing before the committee: Steve Halliburton, Waid's previous supervisor, Grace Gaddis, Waid's sister, and Waid. Also, the PERS medical board summary was read into evidence. The committee determined that the evidence was insufficient to support Waid's claim that she was permanently disabled from her position. The PERS Board of Trustees adopted the findings, and Waid appealed to the Hinds County Circuit Court of the First Judicial District. The circuit court determined that PERS's action was not based on substantial evidence, reversed the decision, and ordered disability benefits to Waid.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. The two issues assigned by PERS are interrelated. Therefore, we have combined them in our discussion. When reviewing the decision of an administrative agency, this Court may reverse only when (1) the decision is not supported by substantial evidence, (2) the decision is arbitrary and capricious, (3) the decision is beyond the power of the administrative agency, and (4) the decision violated some statutory or constitutional right. Public Employees' Retirement System v. Thomas, 809 So.2d 690, 692 (¶ 9) (Miss.Ct.App. 2001). Furthermore, a reviewing court may not substitute its own judgment in place of the agency's decision and may not reweigh the evidence. Id.
*597 ¶ 5. PERS asserts that the decision of the Board of Trustees is based upon substantial evidence and thus the decision to deny Waid disability benefits was not arbitrary or capricious and should be reinstated. PERS further asserts that Waid, though claiming an inability to perform her work, was described by her supervisor as a "good employee." In addition, PERS argues that fibromyalgia is not a disease and can only be treated by pain management. In essence, PERS contends that the medical documentation submitted in support of Waid's claim shows that Waid's complaints are subjective and that physicians are unable to find an objective basis for her complaints. More notably, PERS points out that Waid's claim was reviewed by a total of five physicians, three on the PERS Medical Board and two on the disability committee.
¶ 6. On the other hand, Waid contends that the decision of the PERS Board was not supported by substantial evidence because the Board chose to find that she did not suffer a permanent disability even though her treating physicians, Dr. Deaver Collins and Dr. Gayle Harrell, determined that she was permanently disabled. Additionally, Waid points out that her supervisor, Steve Halliburton, submitted a PERS form which stated that she could not perform her job. Waid further points out that the American College of Rheumatology has assessed fibromyalgia as a disabling condition. Most notably, in support of her contention that PERS's decision was arbitrary and capricious, Waid, points to our decision in Thomas which holds that knowledge possessed by the doctors comprising PERS's various boards of review, but not admitted into evidence at the hearing, cannot be the basis for denying a disability claim. Thomas, 809 So.2d at 694 (¶ 14).
¶ 7. We find that the decision of the Board of Trustees of PERS was arbitrary and capricious as this case bears a striking resemblance to Thomas. The Board of Trustees said it adopted the disability appeals committee's findings of fact and conclusions of law, but the disability appeals committee made no specific findings of fact. The disability appeals committee's "Proposed Statement of Facts, Conclusions of Law and Recommendations" merely states Waid's activities, duties, diagnosis and a statement that "[t]he disability appeals committee finds that there is not sufficient evidence to support Ms. Waid's claim that she is permanently disabled from her position as a manager of grant programs for the Mississippi Department of Economic and Community Development." Also, the above information is followed by a "conclusions of law" paragraph which simply recites the Mississippi Code and then recommends that Waid not be determined permanently disabled.
¶ 8. PERS avers that the facts, as presented in the record before this Court, support the finding that Waid is not entitled to receipt of regular disability benefits pursuant to Mississippi Code Annotated section 25-11-113 (Rev.1999). This section states in pertinent part:
For the purposes of disability determination, the medical board shall apply the following definition of disability: the inability to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the Public Employees' Retirement System (Section 25-11-101 et seq.) that is actually offered and is within the same *598 general territorial work area, without material reduction in compensation.
Miss.Code Ann. § 25-11-113 (Rev.1999).
¶ 9. First, contrary to what PERS asserts, the record reflects that Waid's condition fits this definition of disability. First, Waid and her former supervisor testified that she experienced pain on the job which caused her to utilize substantial amounts of leave which rendered her unable to perform her usual job duties consistently. Steve Halliburton, Waid's former supervisor, testified that Waid was a good employee but began experiencing pain which caused her to miss a substantial amount of time from work in February of 1998. He gave the following pertinent testimony:
Halliburton: On several occasions she would come in and work part of the day and then give me a note to let me know she couldn't work the rest of the day and she would go home.
* * * * * *
Halliburton: Yeah. She was very reluctant to even go on Family Medical Leave Act until it got to the point she could not work anymore.
* * * * * *
Halliburton: Basically when she was there she was able to do the job. I will say toward the end there were times when there was a little bit of lack of attention to details because of pain.
¶ 10. Secondly, the record contains executed copies of PERS's standard Form 7, entitled "Statement of Examining Physician." On the Form 7 completed by Dr. Deaver Collins, he wrote that Waid had chronic, severe fibromyalgia and described Waid's condition as a permanent disability. Dr. Gayle Harrell diagnosed Waid with fibromyalgia, anxiety-depression, H H & GERD and described each as chronic and severe. More importantly, Dr. Harrell's assessment was that these ailments caused Waid to be permanently disabled due to chronic pain.
¶ 11. Thirdly and most importantly, all persons who testified at the hearing stated that Waid experienced so much pain that she was forced to miss a substantial amount of time at work. This testimony was uncontradicted by PERS. Moreover, the record contains no medical evidence contradicting or casting doubt on the conclusions reached by Dr. Collins and Dr. Harrell.
¶ 12. We affirm the decision of the Circuit Court of the First Judicial District of Hinds County but remand this case to the PERS Board of Trustees for the sole purpose of determining the amount of disability due Waid.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.
NOTES
[1] Waid also applied for disability benefits with the Social Security Administration and was approved. We point out, however, that PERS is not bound by the disability finding of the Social Security Administration.