860 So.2d 829 (2003)
Lisa CAUTHEN, Appellant,
v.
The PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Appellee.
No. 2002-CC-01668-COA.
Court of Appeals of Mississippi.
December 2, 2003.
Lance Laroy Stewart, Jackson, attorney for appellant.
*830 Mary Margaret Bowers, attorney for appellee.
Before McMILLIN, C.J., MYERS and GRIFFIS, JJ.
McMILLIN, C.J., for the court.
¶ 1. Lisa Cauthen, formerly a teacher in the Jackson Public School System, unsuccessfully applied for disability benefits from the Mississippi Public Employees' Retirement System (hereafter "PERS"). Cauthen claimed that she was unable to continue performing the required duties of a teacher due to chronic fatigue syndrome and various physical and mental problems arising from that condition. After exhausting her administrative remedies under the applicable statutory provisions, Cauthen appealed the adverse decision to the Circuit Court of Hinds County, First Judicial District. That court affirmed the PERS ruling, and Cauthen has now appealed to this Court. We reverse.

I.

Facts
¶ 2. After initially leaving her teaching position upon being diagnosed with mononucleosis, Cauthen ultimately withdrew permanently from employment and filed a claim for disability benefits on the contention that she was unable to perform the usual duties of a school teacher. In support of her claim, Cauthen asserted that her diagnosed condition of mononucleosis developed into chronic fatigue syndrome and fibromyalgia. She reported to various physicians that she suffered from persistent body pain, debilitating fatigue, insomnia, short-term memory lapses, and inability to concentrate on tasks. Cauthen contended that these physical and mental problems, when taken in combination, prevented her from performing the usual duties of a school teacher and that her condition appeared to be permanent in nature.
¶ 3. Her treating family physician ultimately diagnosed her as suffering from chronic fatigue syndrome and referred her to Dr. R.H. Flowers. Dr. Flowers concurred in that diagnosis. Neither doctor specifically found Cauthen's condition to be permanent, but neither offered a prognosis that indicated the likelihood of improvement in her physical or mental abilities in the foreseeable future.
¶ 4. Cauthen additionally presented medical evidence in the form of an independent medical evaluation performed by Dr. Howard Katz, apparently undertaken as a part of Cauthen's application for certain other disability benefits available to her through an insurance policy. Dr. Katz offered the view that Cauthen's diagnosed medical condition of chronic fatigue syndrome rendered her unable to perform many of the functions required of a school teacher. As late as July 13, 2000, Dr. Yolanda R. Alonzo reported to PERS personnel that she had Cauthen under treatment for chronic fatigue syndrome and that her symptoms rendered her "unable to teach or participate in any type of gainful employment."
¶ 5. The Disability Appeals Committee concluded that its ability to properly decide Cauthen's petition would be benefitted by an independent neuropsychological evaluation to be performed by Dr. Edward Manning. The report of Dr. Manning appears in the record and dealt exclusively with Cauthen's mental abilities and emotional condition. PERS had made some effort to have a similar independent evaluation of Cauthen's physical condition undertaken but later abandoned the effort when their physician of choice declined the request because of a close professional relationship with one of Cauthen's treating doctors.
*831 ¶ 6. In early 2000, the Board determined that Cauthen had not satisfactorily established her right to disability benefits. On appeal, the circuit court remanded for reconsideration based on the court's concern regarding a potential conflict arising out of the fact that Dr. Rahul Vohra sat on the Medical Review Board that made the initial determination to deny Cauthen's claim and then sat in an advisory capacity on the Disability Appeals Committee. Ultimately, PERS once again denied Cauthen's disability claim by order of the Board of Trustees dated December 12, 2000. The Board adopted the findings and conclusions of the Disability Appeals Committee that considered Cauthen's application after the initial remand by the circuit court. The core finding of the Committee was that "there is insufficient objective evidence to support Ms. Cauthen's claim that she is presently disabled from her job as a teacher."

II.

Discussion
¶ 7. Our review of a decision by PERS in matters such as this is limited. We may intercede only if we determine that the decision was not supported by substantial evidence, was arbitrary or capricious, beyond the power of the lower authority to make, or violated some statutory or constitutional right of the complaining party. Public Employees' Retirement System v. Dishmon, 797 So.2d 888, 891(¶ 8) (Miss.2001).
¶ 8. Cauthen's contention is that the decision to deny her benefits was not supported by substantial evidence since essentially all of the medical evidence submitted by her for consideration by PERS indicated that she suffered from medical conditions that left her unable to perform the duties of her job with little hope of improvement.
¶ 9. We find ourselves in agreement with Cauthen's contention that she presented a substantial amount of medical evidence tending to establish an inability on her part, due to her various medical problems, and in particular, a diagnosis of chronic fatigue syndrome, to undertake the duties of a school teacher. The applicable statute defining disability says, in part, that it is
the inability to perform the usual duties of employment or the incapacity to perform such lesser duties, if any, as the employer, in its discretion, may assign without material reduction in compensation, or the incapacity to perform the duties of any employment covered by the Public Employees' Retirement System (Section 25-11-101 et seq.) that is actually offered and is within the same general territorial work area, without material reduction in compensation.
Miss.Code Ann. § 25-11-113(1)(a) (Rev. 2003). There is no contention that Cauthen's employer offered her alternate employment or that any other governmental entity has offered her employment in a position covered under the State's retirement system. Therefore, we must necessarily limit our consideration to the issue of whether PERS's determination that Cauthen is not permanently disabled from performing her teaching duties is supported by substantial evidence.
¶ 10. In making our evaluation of the merits of this appeal, we observe that the Mississippi Supreme Court has, in the recent past, issued two decisions that appear to offer guidance. Based on the fact that this Court is bound by the precedent of these decisions, we look to them for direction in identifying and dealing with the pivotal issues upon which this case must be decided. The cases are PERS v. Dearman, 846 So.2d 1014 (Miss.2003), and *832 PERS v. Marquez, 774 So.2d 421 (Miss. 2000).
¶ 11. In both of these cases, the supreme court dealt with claimants whose condition was marked by multiple complaints of pain and diminished mental functioning traceable at least in part to a diagnosed condition of chronic fatigue syndrome. Both claimants supported their assertion with multiple reports by treating physicians offering the view that the patient did, in fact, suffer from these conditions. In both cases, PERS rejected the application on the basis that there was not sufficient objective medical evidence to establish the validity of the claimant's subjective complaints of a debilitating medical condition.
¶ 12. In Marquez, the supreme court noted that the medical evidence presented by the claimant tended to confirm her complaints and offered the following comment regarding the rationale offered by PERS: "If medical diagnoses by licensed physicians are to be labeled `subjective' evidence of medical ailments, it is unclear what PERS would consider to be `objective' evidence." Marquez, 774 So.2d at 427 (¶ 22).
¶ 13. Similarly, in Dearman, the supreme court dealt with a denied application for benefits filed by a teacher with a fairly extensive list of problems including diagnosed fibromyalgia and chronic fatigue syndrome. Dearman, 846 So.2d at 1015(¶ 2). Her primary treating physician submitted a report stating that he found the claimant "to be permanently disabled as a result of her medical condition." Id. at 1016(¶ 3). The court found it noteworthy that, in the face of this diagnosis, the PERS reviewing authorities did not "conduct a medical examination nor did they request an independent physician examine Dearman." Id. at (¶ 4). According to the supreme court's decision, the decision to deny benefits to Dearman appeared to be based on the determination by the reviewing PERS physicians that they remained unconvinced that Dearman's ailments were, in fact, disabling. However, the court noted that the opinion of the reviewing physician "is not conclusive" and that PERS was not free to "ignore the only evidence in the record ... especially where it chose not to exercise its right to an independent medical evaluation...." Id. at 1018(¶ 11). The court found that, on the basis of the record, which it concluded to be "devoid of any evidence that Dearman is not disabled," the decision by PERS was arbitrary and capricious as not being based on substantial evidence appearing in the record. Id. at 1018-19 (¶¶ 11, 14).
¶ 14. It appears from our review of the record in this case, and more particularly from comments made at the hearing by the reviewing physicians during Cauthen's testimony, that PERS took a dim view of the legitimacy of a diagnosis of chronic fatigue syndrome as an identifiable medical condition. However, though the opportunity to expand on that proposition through appropriate informative entries into the record certainly existed, no such effort was undertaken. Instead, as we have already observed, the extent of the analysis of fact and law consists of a summary statement that the reviewing officials did not find enough objective evidence of disability in the record. Without further expansion or explanation in the record, we find these conclusory remarks unhelpful in our effort to assess whether there was substantial evidence to support such a determination. We also observe that, though PERS based its decision principally on a skepticism regarding the validity of the chronic fatigue syndrome diagnosis, it did not obtain an independent medical evaluation pertaining to Cauthen's *833 physical condition, instead limiting itself to an independent evaluation of Cauthen's mental capabilities.
¶ 15. We conclude that the similarities between the facts of Cauthen's claim and those found by the supreme court to be meritorious in Dearman and Marquez are too great to ignore. In recognition of the deference this Court is properly required to afford an administrative determination of this nature, we have carefully reviewed the record and found no evidence tending to demonstrate that Cauthen's condition was either incorrectly diagnosed or that the severity of her symptoms were over exaggerated. When we reviewed the findings made by appropriate PERS officials for some understandable reasons why it chose to disregard the firmly-expressed opinions of several different medical experts, we found only that the officials felt that "there is insufficient objective evidence to support Ms. Cauthen's claim...." The brief filed by PERS before this Court argues principally that five separate doctors reviewing the record on behalf of PERS all concluded that she was not disabled. In essence, this argument suggests that we are somehow obligated to accept at face value the unexplained view of these reviewing doctors. Were that the case, the purpose of judicial review of disability determination would cease to exist. As the supreme court observed in Marquez, the opinions of these doctors, even if unanimous, are not conclusive on the question.
¶ 16. We find that the evidence tending to indicate the legitimacy of Cauthen's claim is substantial and that there is essentially no countering evidence relating to her physical condition diagnosed by several treating physicians as chronic fatigue syndrome that would tend to show she was either not suffering from such a condition or that its symptoms were not so severe as to be disabling. In that circumstance, we conclude that the Mississippi Supreme Court decisions in Dearman and Marquez compel us to conclude that the decision by PERS was arbitrary and capricious as not being supported by substantial evidence found in the record. For that reason, we reverse the judgment of the circuit court, which has the effect of reversing the determination of PERS, and order that Cauthen be awarded disability benefits consistent with the provisions of this opinion.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, IS REVERSED AND RENDERED, AND THIS CAUSE IS REMANDED TO THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI WITH INSTRUCTIONS THAT THE APPELLANT, LISA CAUTHEN, BE AWARDED DISABILITY BENEFITS AS ALLOWED UNDER APPLICABLE LAW. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.