KING, C.J., for the Court:
¶ 1. Sharon M. Poole appeals from the order denying her disability benefits. The Hinds County Circuit Court affirmed the decision of the Board of Trustees (Board) of the Public Employees’ Retirement System (PERS), which adopted the recommendation of the PERS’ Disability Appeals Committee (Committee) to deny Poole disability benefits. The Committee found it lacks authority to grant benefits because it could not find “any objective and credible medical evidence of a disease or condition, which is causing Ms. Poole to have pain.”
¶ 2. On appeal, Poole raises the following issues:
1. The decision of PERS should be reversed and rendered because it is not supported by substantial evidence and is legally incorrect since PERS’ decision stated that they “do not believe we have authority to award disability in this case because we cannot find any objective and credible medical evidence of a disease or condition, which is causing Poole to have pain.”
2. Alternatively, the decision of PERS should be remanded for a new hearing for PERS to consider her fibro-myalgia since no records from Poole’s rheumatologist were obtained.
¶ 3. Finding error, we reverse and render.
FACTS
¶4. Poole was a supervisor with the Mississippi Department of Human Services (DHS) with more than thirty years of service when she applied for Non-Duty Related Disability pursuant to Mississippi Code Annotated section 25 — 11—113(l)(a) (Supp.2009).
¶ 5. Poole testified that she has lower-back pain and neck problems; she had surgery on her neck in 1998. After years of back pain, Poole underwent lower-back surgery in 2002. After surgery, her pain returned, and she had a second surgery in March 2004.
¶ 6. Poole is required to supervise workers and clerks and has a lot of deskwork and computer work. Poole says that she has trouble sitting and tries to move around. She has been told by one doctor to do no bending, lifting, stooping, or driving more than forty-five minutes at a time. Since Hurricane Katrina, Poole was working in trailers and had difficulty maneuvering from one trailer to another, by using a “boardwalk.” Poole testified that the “boardwalk” is the length of a football field and that she has to make the walk between the trailers ten times a day.
¶ 7. On January 11, 2005, DHS County Director Loraine Hill reported that Poole was “working as much as possible but has to miss excessive amounts of work due to health.” It was her opinion that Poole could not perform her job. The Committee noted that Poole somehow had managed to work, and she had maintained acceptable evaluations in her job even with her pain.
¶ 8. On September 13, 2005, PERS Interim Executive Director Denise Owens-Mounger wrote Poole a letter stating that the PERS Medical Board had determined that there was insufficient evidence to “support the claim that your medical condition prevents you from performing your duties as described of a Supervisor.” Poole appealed this decision.
¶ 9. At the hearing before the Committee on April 14, 2006, Poole testified that she had pain in her lower back down her right leg, muscle spasms in her neck, two bulging discs in her neck, and numbness in *15 her right hand. There were several witnesses who testified at the hearing. Poole presented medical records consisting of diagnoses and past treatments by Dr. David Lee and Cindy Rouse with the Southern Spinal Neurologic Institute. Dr. Lee performed the back surgery in October 2002. After her pain returned, Poole was treated with injections, physical therapy, and a TENS unit. In March 2004, Dr. Lee performed another back surgery to remove the hardware and bolster her fusion. Poole experienced more severe and frequent muscle spasms and was unable to tolerate the pain of physical therapy.
¶ 10. In December 2004, Dr. Lee reexamined Poole and found that she had lumbar disc degeneration, lumbar spondy-losis, chronic pain, and failed-back syndrome. Dr. Lee also stated that he would support Poole’s application for disability. Rouse also concluded that Poole was in chronic pain and unable to continue working.
¶ 11. At the hearing before the Committee, Poole also presented Dr. Thomas V. Chmelicek’s opinion that Poole had reached maximum improvement and was disabled. Dr. Chmelicek is Poole’s family physician; he reported that Poole was under chronic-pain-control management and permanently requires pain medication. Dr. Chmelicek stated that Poole is permanently disabled with a very small possibility of improvement.
¶ 12. Dr. David Collip examined Poole on August 5, 2005, at PERS’ request. Dr. Collip found Poole’s movements appeared slow and painful. Dr. Collip determined that Poole could perform light duty work and lift no more than twenty pounds.
¶ 13. The Committee stated its recommendation as follows:
Basically the main complaint here is that Ms. Poole has back pain that she claims is disabling.... This is not to say that we believe that Ms. Poole is making up her pain.... We do not believe we have the authority to award disability in this case because we cannot find any objective and credible medical evidence of a disease or condition which is causing Ms. Poole to have pain.
¶ 14. The Board’s order adopted the Committee’s recommendation. Poole then appealed to the Hinds County Circuit Court, which affirmed the decision of PERS.
STANDARD OF REVIEW
¶ 15. Unless PERS’ decision is not supported by substantial evidence, arbitrary or capricious, beyond the scope or power granted to the agency, or violates constitutional rights, the reviewing court should not disturb its conclusion. Pub. Employees’ Ret. Sys. v. Howard, 905 So.2d 1279, 1284 (¶ 13) (Miss.2005).
DISCUSSION
¶ 16. Mississippi Code Annotated section 25-11-113(l)(a) states in part:
[A]ny active member in state service who became a member before July 1, 2007, and who has at least four (4) years of membership service credit ... may be retired by the board of trustees ... provided that the medical board, after an evaluation of medical evidence ... certifies that the member is mentally or physically incapacitated for the .further performance of duty, that such incapacity is likely to be permanent, and that the member should be retired....
¶ 17. Section 25 — 11—113(l)(a) defines “disability” as:
[T]he inability to perform the usual duties of employments or the incapacity to perform lesser duties, if any as the employer, in its discretion, may assign without material reduction in compensa *16 tion, or the incapacity to perform the duties of any employment covered by the Public Employees’ Retirement System (Section 25-11-101 et seq.) that is actually offered and is within the same general territorial work area, without material reduction in compensation.
¶ 18. Poole argues that all the available medical evidence available to the Committee supports her contention that she met the statutory definition of disability-
¶ 19. Contrary to the argument made by PERS, this Court is not substituting its judgment for that of the agency rendering the decision and is not reweighing the facts. The Court does not challenge any of the, factual findings, only the legal interpretation of these facts. The Court finds that PERS had statutory authority to grant Poole disability based on the medical evidence before it and that there is no requirement for a specific medical condition if the evidence supports the inability to continue work or disability.
¶ 20. In Stevison v. Public Employees’ Retirement System, 966 So.2d 874, 880 (¶ 20) (Miss.Ct.App.2007), the Court stated that PERS had decided: “Because there is no credible, objective test that supports Stevison’s subjective complaints ... Drs. Tynes’s and Daggett’s diagnosis of disabling conditions constituted patient advocacy, not legitimate medical diagnoses.” PERS chose to ignore the doctors’ diagnoses and disability opinions and determined that the claimant presented no objective ' evidence. Id. at (¶ 22). In that case, the Court compared PERS’ dismissal of the evidence similar to actions in cases involving disabling fibromyalgia or chronic fatigue syndrome. Id. at 881 (¶ 22).
¶ 21. In Public Employees’ Retirement System v. Dearman, 846 So.2d 1014 (Miss.2003); Public Employees’ Retirement System v. Marquez, 774 So.2d 421 (Miss.2000); and Public Employees’ Retirement System v. Waid, 823 So.2d 595 (Miss.Ct.App.2002), PERS’ decisions were reversed because the agency had ignored the opinions of the treating physicians, labeling the opinions as subjective. See Stevison, 966 So.2d at 881-82 (¶¶ 22-25). “Yet, the supreme court has held that medical diagnoses by licensed physicians are objective, not subjective, evidence of disability.” Id. at 882 (¶ 25) (citing Marquez, 774 So.2d at 427 (¶ 22)). Accordingly, because we find objective evidence in the record and in the findings, we hold that the PERS’ decision to deny disability to Poole is not supported by substantial evidence. Sending the case back on remand would serve no useful purpose since the evidence of disability is already part of the record. Therefore, we reverse and render with disability benefits awarded.
¶ 22. There is no dispute that Poole was in pain and that she was unable to substantially perform the duties of her position. The fact that the Committee was unable to find the specific cause of her pain was not fatal to a finding of disability.
¶ 23. In Doyle v. Public Employees’ Retirement System, 808 So.2d 902, 905 (¶ 8) (Miss.2002), the supreme court stated that, it is not the court’s job to determine whether the claimant has presented enough evidence to prove that she is disabled, but whether PERS has presented énough evidence to support its finding that the claimant is not disabled. Because we are unable to find that the record supports a finding that Poole was not disabled according to statute, we reverse and render, finding that she should have received disability benefits.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND RENDERED. *17 ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE AND MYERS, P JJ, IRVING, BARNES AND ISHEE, JJ, CONCUR. CARLTON AND MAXWELL, JJ, CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, J, DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS, J.